UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAVIS VAN & STORAGE OF MYRTLE BEACH, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:11CV1299 RWS ) |
| UNITED VAN LINES, LLC, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before me on defendants' motion to dismiss.[1] The motion will be granted in part and denied in part for the reasons that follow.

Defendant United Van Lines operates a nationwide household goods moving network, and defendants Transportation Services Group, Inc. and UniGroup, Inc. are its parents. Plaintiff Chavis is a United agent, and the parties' relationship is governed by a September 2007 agency agreement. Chavis leases its warehouse in South Carolina from plaintiff Bruton Properties, LLC. Tommy Bruton, who is not a party to this lawsuit, owns Chavis and Bruton. Plaintiffs allege that defendants breached the agency agreement by unilaterally changing the roles United agents play in servicing shipments. Plaintiffs allege these changes included Chavis losing its status as

---

[1] The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

United's exclusive agent for servicing shipments into and out of Shaw Air Force Base in South Carolina. According to plaintiffs, United's policy changes and its refusal to force exclusivity at Shaw AFB in Chavis' favor have caused plaintiffs to lose substantial business. Plaintiffs' complaint brings claims for breach of contract (Count I), breach of implied contract (Count II), breach of the covenant of good faith and fair dealing (Count III), promissory estoppel (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI), tortious interference with business expectancies (Count VII), and civil conspiracy (Count VIII).

Defendants move to dismiss all claims except for breach of contract on the ground that they are preempted by federal law. Section 14501(c)(1) of the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") provides:

> A State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). "In the FAAAA, Congress sought to equalize competition between air and motor carriers of property by uniformly preempting state economic regulation of their activities, but not preempting state safety regulations." Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851-52 (8th Cir. 2009) (internal citation omitted). Therefore, if plaintiffs' claims relate to defendants' prices, routes, or services and derive from the enactment or enforcement of state law, they are preempted. See id. at 852; Rowe v. New Hampshire Motor Transport Ass'n, 552 U.S. 364, 370-71 (2008). "The Supreme Court has broadly interpreted the phrase 'relating to' as encompassing all state laws having any connection with or reference to the carrier's rates, routes or services." Data Mfg., 557 F.3d at 852 (internal citation omitted). "This means that states cannot inflict their own public policies or regulations on a carrier's operations."

Id.

There can no dispute in this case that plaintiffs' claims directly "relate to" defendants' services and operations. Plaintiffs complaint alleges in detail what services agents provide and how they are compensated for those services, which agents should handle which services and routes, and that Chavis was the sole agent servicing Shaw AFB until defendants' allegedly wrongful conduct deprived it of this designation. Because plaintiffs' claims relate to defendants' rates, routes, and services, this element of the preemption test is satisfied. See id. (plaintiff's claims concerning billing charge related to carrier's price or services).

I must next turn to the question of whether plaintiffs' claims derive from the enactment or enforcement of state law. Again, there can be no question that all of the claims stated in Counts II through VIII "derive from the enforcement of Missouri state law." Id. at 853. In Data Mfg., Inc.,[2] the Eighth Circuit Court of Appeals held that plaintiff's claims for breach of implied contract, fraudulent and negligent misrepresentation, and money had and received, were all preempted by the FAAAA because they derived from the enforcement of Missouri state law. Id. So, too, are plaintiffs' claims "outside the four corners of the contract . . ., and . . . enlarged or enhanced, and indeed, . . . dependent upon, Missouri state laws and policies." Id. Like the claims in Data Mfg., Counts II through VIII of plaintiffs' complaint are preempted and must be dismissed. See id.; Samica Enters., LLC v. Mailboxes Etc. USA, Inc., 637 F. Supp. 2d 712, 719-20 (C.D. Cal. 2008) (dismissing as preempted claim for breach of the implied covenant of good faith and fair dealing, as conditions implied in contracts are imposed by state law and are

---

[2]Plaintiffs complain that Data Mfg. was wrongly decided or inapplicable and urge me to ignore it. Data Mfg. is directly on point in this case and I am bound to apply it.

therefore forbidden enhancements of carrier's contractual obligations).³

Defendants also move to dismiss Count I of the complaint on the ground that plaintiffs' breach of contract claim is contradicted by the express terms of the agreement, which defendants provided in support of their motion to dismiss.⁴ Defendants argue that the agency agreement gives them permission to unilaterally change the policies and terms of the agreement without the consent of Chavis. Plaintiffs dispute this interpretation of the contract and contend that the agency agreement includes additional terms not provided by defendants. I find that plaintiffs' breach of contract claim is not subject to dismissal at this time. Whether plaintiffs will ultimately prevail on this claim is not properly before at this stage in the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#28] is granted in part and denied in part, and Counts II-VIII <u>only</u> of plaintiffs' complaint are dismissed. The motion to dismiss is denied as to Count I.

This case will be set for a scheduling conference by separate Order.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2012.

---

³Because I am dismissing these claims as preempted, I need not, and therefore do not, address the alternative bases for dismissal advanced by defendants in their motion.

⁴I do not agree with plaintiffs that this converts the motion to one for summary judgment. "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).