UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAVIS VAN & STORAGE OF MYRTLE BEACH, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11CV1299 RWS ) |
| UNITED VAN LINES, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendant United Van Lines operates a nationwide household goods moving network, and defendants Transportation Services Group, Inc. and UniGroup, Inc. are its parents. Plaintiff Chavis is a United agent, and the parties' relationship is governed by a September 2007 agency agreement.[1] Chavis alleges that defendants breached the agency agreement by unilaterally changing the roles United agents play in servicing shipments. Chavis contends these changes included losing its status as United's exclusive agent for servicing shipments into and out of Shaw Air Force Base in South Carolina. According to Chavis, United's policy changes and its refusal to force exclusivity at Shaw AFB in Chavis' favor have caused plaintiffs to lose substantial business. Chavis' sole remaining claim is one for breach of contract (Count I).[2]

---

[1]Chavis leases its warehouse in South Carolina from Bruton Properties, LLC. Tommy Bruton, who is not a party to this lawsuit, owns Chavis and Bruton. Bruton Properties was a plaintiff in this case, but I dismissed its claims as preempted by federal law. [Doc. # 37].

[2]The remaining claims for breach of implied contract (Count II), breach of the covenant of good faith and fair dealing (Count III), promissory estoppel (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI), tortious interference with business expectancies (Count VII), and civil conspiracy (Count VIII) were dismissed by Memorandum and Order dated January 9, 2012. [Doc. # 37].

Defendants move for summary judgment on the ground that Chavis' claim is foreclosed by the plain language of the parties' agreement.[3]

While the agreement appoints Chavis "as its non-exclusive agent," it also requires Chavis to comply with all carrier policies, defined as "such rules, regulations, procedures and directives issued by the Carrier [United] or directives and decisions of the Carrier's Board of Directors, **whether now existing or as may be issued or amended from time to time during the term of the Agreement, all of which are or shall be adopted and incorporated herein by reference.**" Id. (emphasis supplied). The agreement concludes as follows:

> This is the entire Agreement between the Carrier and the Agent and supercedes all previous agreements between the parties. No change in this Agreement shall be valid unless make in writing and signed by both parties. No failure to require strict performance or to exercise any right or remedy hereunder will preclude requiring strict performance or exercising any right or remedy in the future. Any notice required to be given by one party to the other will be effective hereunder

---

[3]"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted).

when and only when placed in writing and delivered personally or deposited in the United States mail, certified, postage prepaid to the appropriate party.

Id. at 8.[4]

Chavis' case hinges on these carrier policies which United allegedly breached.[5] However, the Court is unable to discern which carrier policies are part of the agreement and which carrier policies Chavis alleges have been breached by United. Apparently some were issued in paper format, and eventually an on-line version appeared, but the parties cannot agree whether these

---

[4]The parties agree that Missouri law applies to the contract at issue. In Missouri, the elements for a breach of contract are: (1) the existence of an enforceable contract between the parties to the action; (2) mutual obligations have arisen under the contract terms; (3) defendant has not performed its obligations imposed by the contract; and (4) plaintiff was thereby damaged. Superior Insurance Com. v. Universal Underwriters Insurance Company, 62 S.W.3d 110, 118 (Mo. Ct. App. 2001). "Under Missouri law, summary judgment is appropriate [in a contract case] where the language of the contract is clear and unambiguous such that 'the meaning of the portion of the contract in issue is so apparent that it may be determined from the four corners of the document.'" Family Snacks of North Carolina, Inc. v. Prepared Food Prods. Co., Inc., 295 F.3d 864, 867 (8th Cir. 2002) (quoting Missouri Consol. Health Care Plan v. BlueCross BlueShield of Mo., 985 S.W.2d 903, 908 (Mo. Ct. App. 1999)). When a contract uses plain and unequivocal language it must be enforced as written. Lake Cable, Inc. v. Trittler, 914 S.W.2d 431, 436 (Mo. Ct. App. 1996). When a contract is unambiguous, the language used is given its natural, ordinary, and common-sense meaning, and the entire contract is considered to determine the intentions of the parties. Chehval v. St. John's Mercy Medical Center, 958 S.W.2d 36, 38 (Mo. Ct. App. 1997). An ambiguity does not exist merely because the parties dispute the meaning of the contract. Id. Whether language is ambiguous is a question of law for the court. Phipps v. School District of Kansas City, 645 S.W.2d 91, 100 (Mo. Ct. App. 1982). If a contract is unambiguous, the intention of the parties and the legal import of the language of the contract cannot be varied by parol or extrinsic evidence. Allison v. Flexway Trucking, Inc., 28 F.3d 64, 67 (8th Cir. 1994) (applying Missouri law).

[5]The plain language of the agreement gives United the right to change its carrier policies, and this does not constitute a "change in the agreement" requiring Chavis' written consent. So if the sole basis of Chavis' claim is merely that United could not change its carrier policies without Chavis' consent, then Chavis' claim fails as a matter of law. The agreement also plainly provides that Chavis is a "non-exclusive" agent, so if the basis of Chavis' claim is merely that it was entitled to act as the sole agent servicing Shaw AFB, then Chavis' claim fails as a matter of law.

two versions are the same, or more importantly for this case, **which specific policies are actually part of this agreement**.  For its part, United has attempted to claim that the "only" policies Chavis claims were breached appeared in this written manual (which it apparently cannot locate), but that written manual was replaced by the on-line version.  United has attached a bulletin to that effect in support of summary judgment, which notifies its carriers that "[t]he United Van Lines Agency Reference Manual . . . replaces the former hard-copy Agency Manual." [Doc. #96-7].  Although Chavis tries to challenge the authenticity of this document, the Court find that this is relevant, admissible evidence which demonstrates as an undisputed fact that any hard copy policies pre-dating the bulletin date of September 3, 1996 were replaced by the online agency manual.  This, of course, predates the parties' contract by more than a decade, so if that written manual were the sole basis of Chavis' claim, then United is indeed entitled to summary judgment for the reasons stated in its motion.

However, the problem is that Chavis argues that United is violating current, existing policies and not just policies contained in the old written policy manual that has now been replaced.  United did not address this argument directly.  But Chavis' opposition to summary judgment fails to set out its theory of the case and identify specific carrier policies currently in existence that are allegedly being breached by United.  It is my job to decide whether a contract is ambiguous or not, and I cannot do this on the current record because Chavis has failed to provide this basic information to me.  Therefore, I will order Chavis to file a supplement to its opposition to summary judgment which identifies in bullet point format the specific carrier policies currently in existence that it believes are being violated by United, and how United's conduct constitutes a breach of the agency agreement.  Each bullet point shall contain a citation in the

record to the previously filed exhibits where that specific policy is located as well as a citation to the complaint indicating where that specific policy and breach are pleaded. If the basis of Chavis' claims consist solely of its arguments that: United is not permitted to make any changes to its carrier policies without its written consent; United is bound by carrier policies in the written agency manual which was replaced by the 1996 ARM; and, Chavis is entitled to act as the exclusive United agent for Shaw AFB, then it is ethically bound to so state clearly on the record. If that is the case, then the Court will grant summary judgment in favor of United because, on the undisputed facts those arguments fail as a matter of law under the plain language of the contract and cannot be contradicted by parol evidence or otherwise. If, however, as Chavis claims, it actually has a viable breach of contract claim based on other current, specific policies, then it shall set those out in the manner I just described by February 14, 2014, and United will have until February 24, 2014, to demonstrate by reply brief that it remains entitled to summary judgment on Chavis' breach of contract claim. United need not file any reply brief before that date. I may, after reviewing this supplemental briefing by the parties, set this motion for oral argument. In any case, I will consider the matter fully briefed and ready for submission at that time. Of course, should the parties actually settle this case in the meantime — an outcome I strongly encourage given the nature of the case and the state of the record before me — then no additional briefing is required.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a supplemental brief as set out above

by February 14, 2014.

**IT IS FURTHER ORDERED** that defendant shall file its reply brief as set out above by February 24, 2014.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2014.