UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAVIS VAN & STORAGE OF MYRTLE BEACH, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11CV1299 RWS |
| UNITED VAN LINES, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion for attorneys' fees under 28 U.S.C. § 1927. A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; Clark v. United Parcel Service, Inc., 460 F.3d 1004, 1011 (8th Cir. 2006). "Section 1927 warrants sanctions when an attorney's conduct viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (internal quotation marks and citation omitted). Whether to award sanctions rests with my discretion, id. at 744, and I must take care that sanctions are not used to "dampen the legitimate zeal" of an attorney representing a client as § 1927 is penal in nature. Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999).

The parties and the Court are overly familiar with the history of this case, so it will not be restated at length. In brief, plaintiffs proceeded on a single breach of contract claim after their other claims were dismissed as preempted. Thus began a flurry of motion practice, including three motions to compel, a motion to reconsider a previous denial of a motion to compel,

motions to strike, and multiple motions to extend discovery deadlines (mostly jointly filed). Some of these motions were filed by defendants; most by plaintiffs. Most of the motions to compel were denied, but a few aspects were well-taken. Essentially, it appeared to the Court that the parties (and perhaps their attorneys) were determined not to get along. This did not appear to be largely the result of one party or attorney. The Court expressed frustration and annoyance at <u>both</u> parties and all counsel for their inability to "play nice."[1] Yet the parties soldiered on, and defendants eventually filed a motion for summary judgment. Plaintiffs responded on January 23, 2014.[2]

According to defendants, it is at this point in time when counsel's conduct became sanctionable by filing what the Court later determined to be a non-meritorious opposition to summary judgment. Therefore, defendants seek an award of fees and costs from that point through March 15, 2014 in the amount of $139,000.00. Yet the only document the defendants were required to file (and did file) after January 23, 2014 was a reply brief in support of summary judgment. The Court even significantly narrowed the issues that defendants would be required to respond to in their reply brief by ordering plaintiffs to file a supplemental opposition to summary judgment that clearly set out the contract terms allegedly in dispute. The Court also ruled in favor of defendants on most of the arguments raised in summary judgment. That Memorandum and Order was issued February 4, 2014, only a few days after plaintiffs' opposition was publicly

---

[1]Although defendants cite to the Court's September 18, 2012 Memorandum and Order as evidence of plaintiffs' counsel's sanctionable behavior, the Court also admonished defendants in that same Order.

[2]Because plaintiffs erroneously filed all their materials under seal, the Court required plaintiffs to file an appropriately redacted version of their opposition, which was filed on January 27 and 28, 2014.

filed. Therefore, when defendants were required to file their reply brief, they were required to do so under the best of circumstances — with the issues narrowed and clarified, and most already ruled in their favor.

While the Court ultimately determined that defendants were entitled to judgment as a matter of law, I cannot conclude that counsel's opposition to summary judgment amounted to sanctionable conduct. Although I rejected plaintiffs' arguments that the alleged carrier policies afforded plaintiffs any relief or were even breached, I do not find that their advancement constituted either intentional or reckless disregard of counsel's duties to this Court. Nor do I find that defendants are entitled to fees based on counsel's conduct during the course of the case. As I previously stated, this case was vigorously litigated by <u>both</u> parties (to the Court's frustration at <u>all</u> parties and counsel), but I cannot find that plaintiffs' counsel's conduct was any more egregious than anyone else's such that it vexatiously multiplied the proceedings before me. Having lived with this case for three long years, and after full consideration of its progression and the filings and proceedings before me, I find that defendants are not entitled to fees as a sanction for counsel's conduct under 28 U.S.C. § 1927. The motion will therefore be denied.[3]

---

[3]Alternatively, I deny defendants any relief because the amount of fees sought -- $139,000 -- is grossly excessive for the filing of a reply brief under the facts and circumstances set out above. The Seventh Circuit Court of Appeals has held that "[w]hen an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award." Budget Rent-A-Car System, Inc. v. Consolidated Equity, LLC, 428 F.3d 717, 718 (7th Cir. 2005) (Posner, J.). Although not binding on this Court, I find this rule sensible and appropriately applied in this case. While plaintiffs may have continued to pursue a claim that ultimately did not prevail, defendants have lost all sense of reason and perspective by asking the Court to award such an overinflated amount for filing a 20-page reply brief in support of summary judgment. They provide no supporting documentation demonstrating the number of hours billed or how those hours were spent, but there is no scenario under which this amount of fees could be considered reasonable for this effort. Yes, defendants ultimately obtained summary judgment,

I will also deny defendants' request for attorneys' fees and travel costs associated with the second deposition of Chavis' expert. Although the Court required plaintiffs[4] to bear the costs of this deposition, attorney's fees and travel expenses are not costs. Plaintiffs paid the court reporter and videographer fees for the deposition. These were the only costs sought by defendants. Defendants did not request plaintiffs reimburse them for their fees and travel expenses at that time, nor did they ever ask the Court to clarify or reconsider its Memorandum and Order to specifically include an award of attorney's fees and travel expenses in addition to costs. Defendants also provide no supporting documentation evidencing the amount or necessity of these expenses. For these reasons, the request will be denied.

Finally, I will order the Clerk of the Court to tax costs in the amount sought by defendants as plaintiffs have not objected to the bill of costs submitted by defendants, and their time for doing so has now expired.

---

but they grossly overreach here with such a requested award. Here, defendants' fee request is "so exorbitant as to constitute an abuse of the process of the court" and must be denied. See id.

[4]This Memorandum and Order required *plaintiffs*, not plaintiffs' counsel, to bear these costs.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for attorneys' fees [#129] is denied.

**IT IS FURTHER ORDERED** that defendants' motion for bill of costs [#128] is granted, and the Clerk of the Court shall tax costs in the amount sought by defendants.

**IT IS FURTHER ORDERED** that plaintiffs' motion for hearing [#139] is denied as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2014.