UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAVIS VAN & STORAGE OF MYRTLE BEACH, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:11CV1299 RWS |
| UNITED VAN LINES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motion to review costs under Fed. R. Civ. P. 54(d)(1). After I entered summary judgment in favor of defendants, the Clerk of Court taxed costs in the amount of $ 56,245.68. Plaintiffs object to certain aspects of the taxed costs. "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation marks omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal quotation marks omitted). Allowable costs, however, are generally limited to the categories set out in 28 U.S.C. § 1920, and expenses not in this statute must be borne by the party incurring them. See Crawford Fitting Co. v. J.T. Gibnons, Inc., 482 U.S. 437, 442-43 (1987).

First, defendants concede a mathematical error in calculating the deposition costs in this case, which would reduce the taxable deposition costs $13,417.25 (from $34,106.30 to $20,689.05). I also agree that the charges to synchronize the videotape to the deposition transcripts are not recoverable as costs, so I will further reduce the award of deposition costs by

$2,392.50, for a total award of deposition costs in the amount of $18,296.55.

The Clerk also taxed $3,734.25 in photocopying expenses. Copying costs may be taxed only if the copied items were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request. Yaris v. Special Sch. Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1986). Yet, here, defendants provide no description whatsoever of any of the categories into which their photocopying costs fall. Instead, their motion for costs simply lists a date, bill number, and billed amount with the narrative, "for reproduction charges." While I agree with defendants that the Court may award copying costs for more than copies of documents and exhibits used at trial under certain circumstances, defendants have not demonstrated that their claimed photocopying expenses are recoverable as costs in this case.[1] Without any description of why these charges were incurred, I have no way of determining whether these copying expenses were "necessarily obtained for use in the case," or were just for the convenience of the parties and counsel. Although "the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records." Betton v. St. Louis County, 2010 WL 1948265, at *2 (E.D. Mo. May 14, 2010). Here, defendants could have reviewed the

---

[1]Plaintiffs incorrectly assert that the Eighth Circuit Court of Appeals limits recoverable photocopying costs to documents and exhibits used at trial. The Eighth Circuit did not hold that discovery-related copying costs are not recoverable in Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009). Instead, the Court held that the district court did not abuse its discretion in refusing to award discovery-related copying expenses and noted that numerous district courts within the Eighth Circuit refused to tax discovery-related copying costs. Id. The appellate court did not, however, suggest that the district courts were required to deny discovery-related copying costs; only that it was not an abuse of discretion for the district court in that case to do so. Id.

referenced bill numbers to determine why the photocopies were made and provided a description of the types of materials copied and their purpose. They did not do so and have therefore failed to provide the kind of information found necessary and sufficient to award discovery-related photocopying expenses as costs. See, e.g., id., (awarding copying costs because plaintiffs identified "the types of materials copied"); Katoch v. Midq/PRN Life Support Services, Inc., 2007 WL 2434052, *12 (E.D. Mo. Aug. 22, 2007) (awarding costs where defendant categorized the photocopying expenses as "document production requests," "documents produced pursuant to plaintiff's second document production requests," "exhibit to memorandum in support of sanctions," "exhibits to statement of material facts," "exhibits to memorandum in opposition to plaintiff's motion to strike affidavit," "exhibits to reply to plaintiff's opposition to motion for summary judgment," and "exhibits and documents to support pretrial compliance."); Cruesoe v. MERS/Missouri Goodwill Industries, 2007 WL 188367, *1 (E.D. Mo. Jan. 23, 2007) (awarding copying costs for "documents that it produced to [plaintiff] in discovery and [for] exhibits in support of its summary judgment motion."). I will therefore deny photocopying expenses as a recoverable cost in this case. See, Lockridge v. HBE Corp., 2008 WL 2020290, *3 (E.D. Mo. May 8, 2008) (declining to award photocopying expenses as costs because "defendant has failed to provide the Court with any information stating what documents were copied. Defendant's itemization merely states 'internal copying' or 'internal color copying' along with the number of pages copied. Without this information, the Court cannot order these copying expenses to be taxed as costs."); Emmeneger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1998) ("Because plaintiffs have failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs.").

The Clerk taxed $18,405.13 in "fees for ESI processing costs necessarily incurred for use in the case." Defendants allege that they only sought reimbursement of ESI expenses for document scanning, file format conversion, and document production. Plaintiffs object that taxable ESI costs should be limited to scanning and file format conversion, not the other steps associated with producing ESI. Although the Eighth Circuit has not spoken on this issue, other district courts within this circuit have concluded that "the electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper," and, therefore, can be taxed pursuant to § 1920(4)." Advance Brands, LLC v. Alkar-Rapidpak, Inc. 2011 WL 4352495, *6 (N.D. Iowa Sept. 15, 2011) (quoting Brown v. The McGraw-Hill Companies, Inc., 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007)).[2] However, the cost of bates labeling documents for production is not taxable as it is for the convenience of the parties and counsel. Moore v. DaimlerChrysler Corp., 2007 WL 1445591, *1 (E.D. Mo. May 11, 2007).[3]

Unlike their request for photocopying expenses, defendants have provided some description of the tasks associated with the claimed ESI expenses. However, despite defendants' assertion to the contrary, it is clear that defendants are attempting to claim as recoverable costs certain non-recoverable expenses related to ESI. For example, defendant's itemized description includes costs for bates labeling, preparing pdf versions for attorney review and redaction, and

---

[2] 28 U.S.C. § 1920 permits the recovery of "fees for exemplification and the costs of making copies of *any materials* where the copies are necessarily obtained for use in the case." Thus, it is not limited to the cost of copying paper documents.

[3] The Federal Circuit Court of Appeals has concluded that costs associated with project management, keyword searches, data analysis, decryption, deduplication, or other types of pre- or post-copying activities are not considered recoverable copying expenses under § 1920. CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1329-33 (Fed. Cir. 2013); see also, Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir. 2012).

de-duplication. Moreover, it is impossible to determine from most of the entries whether the claimed expense is, in fact, recoverable. For example, the numerous entries related to "processing" and "preparing" data may be recoverable or not, depending on what defendants mean by "processing." However, on this record the Court cannot determine what "processing" or "preparing data" means. Defendants could have provided an explanation of what it meant by these and other terms of art in their affidavit in support of their motion for costs, or in opposition to plaintiffs' motion after this issue was raised by plaintiffs. Defendants did not do this, and the failure to provide all information necessary to properly review the expenses must be borne by defendants. Because the cost statute must be strictly construed, I will only award defendants only a fraction of the ESI costs sought. After consideration of all the evidence of record, in my discretion I find that an award of $4,500 for ESI-related costs is appropriate and supported by the evidence.

Finally, defendants do not object to plaintiffs' request that costs not be taxed against plaintiff Bruton Properties as it was dismissed from this action early in the litigation. I will therefore order the Clerk of Court to tax costs against plaintiff Chavis only.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for review of costs [#145] is granted in part as set out above.

**IT IS FURTHER ORDERED** that the Bill of Costs entered on April 9, 2014 [#143] is vacated.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of defendants and **against plaintiff Chavis Van & Storage of Myrtle Beach, Inc. only**:

*Deposition costs*     $18,296.55
*ESI-related costs*     $4,500.00
*Total taxable costs*     **$22,796.55**

                                         RODNEY W. SIPPEL
                                         UNITED STATES DISTRICT JUDGE

Dated this 1st day May, 2014.